# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| **WILLIAM F. NORED, LAWANDA JEAN NORED** )<br>as natural parents and next friend of )<br>**WILLIAM F. NORED, JR. ("BILL")** )<br>)<br>    **Plaintiffs,** )<br>)<br>vs. )<br>)<br>**TENNESSEE DEPARTMENT OF INTELLECTUAL & DEVELOPMENTAL DISABILITIES, BRAD TURNER** in his official capacity as the Commissioner of the Tennessee Department of Intellectual & Developmental Disabilities )<br>)<br>    **Defendant.** ) | NO. _____<br><br>JURY DEMANDED |

## C O M P L A I N T

Come the Plaintiffs by and through counsel, and sues the Defendant, under the Rehabilitation Act of 1973 for Declaratory and Injunctive relief and for a cause of action claim and allege as follow:

1

1. Plaintiffs William F. Nored and LaWanda Jean Nored are a citizens and residents of Knox County, Tennessee. (hereinafter "Plaintiffs" or the "Noreds") The Plaintiffs are suing the Defendant as the natural parents and next friends of, and on behalf of their biological son, William F. Nored, Jr. or "Bill."

2. The Defendant, Tennessee Department of Intellectual & Developmental Disabilities ("TDIDD") is the state agency responsible for administrating services and support to Tennesseans with intellectual and developmental disabilities. The TDIDD receives federal financial assistance. It is sued for declaratory and injunctive relief.

3. The Defendant Brad Turner, is the Commissioner of TDIDD. He is sued in his official capacity only.

4. The Plaintiffs' son William F. Norred, Jr. or Bill has multiple and significant development challenges, and is classified by Defendant as a Level Six patient qualifying him for twenty-four hour care.

5. Plaintiffs aver that Bill was housed in TDIDD facility for over twelve years in Nashville, Tennessee, but was allowed to move into a home owned by Plaintiffs in Sevier County, Tennessee. The care that Bill was entitled to was to be provided by TDIDD through one of its local affiliates.

6. As a result of his status, as classified by Defendant, Defendant not only agreed to but was required to provide twenty-four hour care to Bill at taxpayer expenses.

7. TDIDD decided to utilize one of its affiliates, New Haven, LLC ("New Haven"), in order to fulfill its requirements to provide Level Six care to Bill.

8. Yet, instead of providing Bill with the services he was entitled to receive, employees of New Haven began to abuse Bill on repeated occasions resulting in the

2

Plaintiffs having to file a civil action in the Circuit Court for Knox County, Tennessee.

9. Once the lawsuit was filed, New Haven refused to provide any care to Bill or arrange for Bill to receive any care as a Level Six patient, or any other classification. TDIDD informed Plaintiffs that there were no other affiliates in the area to provide the mandated care that Bill is entitled to and TDIDD did not attempt to arrange any care for Bill. The Plaintiffs aver that TDIDD's own rules and regulations require the agency to provide services and care for Bill even if it results in an out of area affiliate provider or the services are directly registered through TDIDD. As a direct result of New Haven's refusal to provide any care, and TDIDD's refusal to provide an adequate substitute or to provide Bill with any care directly, the Plaintiffs were forced to move Bill out of the home in Sevier County to their home in Knox County, Tennessee. The Plaintiffs are elderly, their mobility is severely limited, and their ability to care for Bill is virtually nonexistent. There is certainly no way the Plaintiffs can provide the Level Six services that TDIDD is required to provide Bill.

10. The Rehabilitation Act prohibits discrimination in the availability, accessibility and delivery of program benefits and services. It is respectfully submitted that Bill is a qualified individual with a disability as defined by the Act with multiple physical and mental impairments which substantially limit major life activities as defined by the Act and the rules and regulations of the TDIDD and the Rehabilitation Act of 1973. It is respectfully submitted that the failure of the TDIDD to provide Level Six care to Bill as it is required and violates the Rehabilitation Act of 1973, as amended.

11. Plaintiffs claim that Bill is and will continue to suffer irreparable harm, and injury and damages as a direct result of the TDIDD's failure to provide the care it is

3

Case 3:19-cv-00214-JRG-HBG   Document 1   Filed 06/12/19   Page 3 of 4   PageID #: 3

required to provide under its own rules and regulations as well as the Rehabilitation Act of 1973. As a result, the Plaintiffs respectfully demand judgment against the TDIDD declaratory and injunctive relief for it to immediately begin providing William F. Nored, Jr. or Bill with Level Six care.

WHEREFORE, Plaintiffs, respectfully demand judgment against the Defendant for temporary and permanent Declaratory and Injunctive relief, the cost of this cause, attorney fees, the cost of providing care for the period of time which the Defendant has refused to provide care and for any other relief Plaintiffs show entitlement to.

This the 12th day of June 2019.

*s/Arthur F. Knight, III*
ARTHUR F. KNIGHT, III
Taylor & Knight, GP
800 S. Gay Street, Suite 600
Knoxville, Tennessee 37929
(865) 971-1701

4

Case 3:19-cv-00214-JRG-HBG   Document 1   Filed 06/12/19   Page 4 of 4   PageID #: 4