# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| **WILLIAM F. NORED, LAWANDA JEAN NORED** )<br>as conservators, parents, and next friend of )<br>**WILLIAM F. NORED, JR. ("BILL")** and )<br>**WILLIAM F. NORED, JR. ("BILL")** )<br>Individually )<br>)<br>**Plaintiffs,** )<br>)<br>vs. )<br>)<br>**TENNESSEE DEPARTMENT OF** )<br>**INTELLECTUAL & DEVELOPMENTAL** )<br>**DISABILITIES, BRAD TURNER** in his )<br>official capacity as the Commissioner of the )<br>Tennessee Department of Intellectual & )<br>Developmental Disabilities )<br>)<br>**Defendant.** ) | NO. <u>3:19-cv-214</u> |

## AMENDED COMPLAINT

Come the Plaintiffs by and through counsel, and Amend their Complaint as follows by suing the Defendant, under the Rehabilitation Act of 1973 for declaratory and injunctive relief and for a cause of action claim and allege as follows:

1.  Plaintiffs William F. Nored and LaWanda Jean Nored are a citizens and residents of Knox County, Tennessee. The Plaintiffs are suing the Defendant as the conservators, parents, next friends of, and on behalf of their son, William F. Nored, Jr. or

1

"Bill." To the extent it is necessary or proper, William F. Nored, Jr. sues Defendants individually. (hereinafter "Plaintiffs or the "Noreds")

2. The Defendant, Tennessee Department of Intellectual & Developmental Disabilities ("DIDD") is the state agency responsible for administrating services and support to Tennesseans with intellectual and developmental disabilities. The DIDD receives federal financial assistance. It is sued for declaratory and injunctive relief.

3. The Defendant Brad Turner, is the Commissioner of DIDD. He is sued in his official capacity only.

4. The Plaintiffs' son, William F. Nored, Jr. or ("Bill") has multiple and significant development challenges, and is classified by Defendant as a Level Six patient qualifying him for twenty-four hour care.

5. Plaintiffs aver that Bill was housed in DIDD facility for over twelve years in Nashville, Tennessee, but was allowed to move into a home owned by Plaintiffs in Sevier County, Tennessee. The care that Bill was entitled to was to be provided by DIDD through one of its local affiliates.

6. As a result of his status, as classified by Defendant, Defendant not only agreed to but was required to provide twenty-four hour care to Bill at taxpayer expenses.

7. DIDD decided to utilize one of its affiliates, New Haven, LLC ("New Haven"), in order to fulfill its requirements to provide Level Six care to Bill. New Haven was and is headquartered in Knox County, Tennessee.

8. Yet, instead of providing Bill with the services he was entitled to receive, employees of New Haven began to abuse and neglect Bill repeatedly, and as a result, Plaintiffs filed a civil action in the Circuit Court for Knox County, Tennessee.

9. Once that lawsuit was filed, New Haven refused to provide any care to Bill or arrange for Bill to receive any care as a Level Six patient, or any other classification. DIDD informed Plaintiffs that there were no other affiliates in the area to provide the mandated care that Bill is entitled to and DIDD did not attempt to arrange any care for Bill. As a direct result of New Haven's refusal to provide any care, and DIDD's refusal to provide an adequate substitute or to provide Bill with any care directly, the Plaintiffs were forced to move Bill out of the home in Sevier County to their home in Knox County, Tennessee. The Plaintiffs are elderly, their mobility is severely limited, and their ability to care for Bill is virtually nonexistent. Moreover, Plaintiffs have incurred substantial expenses in attempting to provide the care for Bill as required, was required and recognized as such by DIDD. There is certainly no way the Plaintiffs can continue to attempt to provide the Level Six services that DIDD is required to provide Bill.

10. The Rehabilitation Act prohibits discrimination in the availability, accessibility and delivery of program benefits and services. It is respectfully submitted that Bill is a qualified individual with a disability as defined by the Act with multiple physical and mental impairments which substantially limit major life activities as defined by the Act and the rules and regulations of the DIDD and the Rehabilitation Act of 1973. The Plaintiffs aver that Defendants have a non-delegable duty to provide services in order to meet the needs of its clients such as William F. Nored, Jr. or Bill. Defendants are required to administer programs and activities in the most integrated setting appropriate to the needs of its clients or it violates the Act. Moreover, Defendants are violating the Act as it may not directly or through an affiliate deny qualified individuals such as Bill the opportunity to participate in or benefit from services that he has been classified by DIDD

3

Case 3:19-cv-00214-DCLC-HBG   Document 16   Filed 08/08/19   Page 3 of 5   PageID #: 48

to receive. Further, Defendants cannot either directly or through one of its affiliates utilize criteria or methods of administration which have the purpose of effectively defeating or substantially impairing the accomplishments of the objectives of DIDD's mandate with respect to Bill and other qualifying individuals. The Act requires Defendants to administer its programs and activities in the most integrated setting appropriate to the needs of the individual and avoid institutional isolation to allow persons with intellectual and developmental disabilities to participate in community life to the fullest extent possible. Defendants are therefore in violation of the Rehabilitation Act of 1973, as amended, and construed by refusing to provide care and services to Bill in and out of his home in Sevier County.

11. Plaintiffs claim that both they and Bill are and will continue to suffer irreparable harm, and injury and damages from the Defendants as a direct result of DIDD's failure to provide the care it is required to provide under its own rules and regulations as well as the Rehabilitation Act of 1973. As a result, the Plaintiffs respectfully demand judgment against the Defendants for declaratory and injunctive relief and for the Defendants to immediately begin providing William F. Nored, Jr. or Bill with Level Six care.

WHEREFORE, Plaintiffs, respectfully demand judgment against the Defendants for temporary and permanent declaratory and injunctive relief, the cost of this cause, attorney fees, the cost of providing care for the period of time which the Defendant has refused to provide care and for any other relief the Plaintiffs show entitlement to during the cause of these proceedings.

This the 8th day of August 2019.

*s/Arthur F. Knight, III*
ARTHUR F. KNIGHT, III
Taylor & Knight, GP
800 S. Gay Street, Suite 600
Knoxville, Tennessee 37929
(865) 971-1701

5

Case 3:19-cv-00214-DCLC-HBG   Document 16   Filed 08/08/19   Page 5 of 5   PageID #: 50